## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMANTHA WILKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-080-KEW |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| a corporation, | ) |
| | ) |
| Defendant. | ) |

### O R D E R

This matter comes before the Court on Defendant's Third Motion in Limine (Docket Entry #143). Defendant seeks to preclude Plaintiff's expert witnesses from offering testimony or opinions which are outside those revealed in the expert disclosures, expert reports, and deposition testimony provided by these experts.

Defendant correctly recites the requirements outlined in Fed. R. Civ. P. 26(a)(2) for expert disclosures exchanged between the parties as well as the required content of expert witness reports under Fed. R. Civ. P. 26(a)(2)(B). Defendant contends that these expert witnesses should be reined in from providing testimony outside of these sources of information provided before trial. It cites as an example of testimony which is violative of these rules from Dave Rangel, one of Plaintiff's identified experts, who testified in his deposition to an opinion which was outside of information set out in the disclosure of his testimony and his

expert report.  Defendant also noted, however, that it had the opportunity to prepare for this testimony since his deposition and presumably will not be prejudiced by its content.

The expert witnesses will be expected to testify consistent with their expert reports and their deposition testimony, if they are appearing live for trial.  The penalty for failing to comply with this requirement is generally the exclusion of the expert testimony from trial.  ClearOne Commc'ns, Inc. v. Biamp Sys., 653 F.3d 1163, 1176 (10th Cir. 2011) citing Ciomber v. Coop. Plus, Inc., 527 F.3d 635, 641 (7th Cir.2008) (quoting Fed.R.Civ.P. 37(c)(1)) and Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 894-95 (10th Cir. 2006).  The testimony will be permitted if the failure to comply with the disclosure rules is found to be "justified or harmless."  Fed. R. Civ. P. 37(c)(1).  The Court will consider for factors in this determination – (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. Id. citing Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (quotations and citation omitted).

All counsel should be admonished that they should not lead the opposing litigant's expert witness to a violation of Rule 26(a) through their examination of the witness.  This would typically be

done through a line of inquiry which would lead the expert astray from his previously stated opinion.  Such created violations will not result in the striking of the expert testimony.

IT IS THEREFORE ORDERED that Defendant's Third Motion in Limine (Docket Entry #143) is hereby **GRANTED,** in that the expert witnesses will be required to adhere to their disclosed opinions but any violation will be evaluated under the precepts stated herein.

IT IS SO ORDERED this 30th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE