IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SAMANTHA WILKS,                    )
                                   )
                Plaintiff,         )
                                   )
v.                                 )        Case No. CIV-18-080-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
                Defendant.         )

## O R D E R

This matter comes before the Court on Defendant's Fifth
Motion in Limine (Docket Entry #145).  Defendant BNSF Railway
Company ("BNSF") seeks to preclude Plaintiff from introducing
evidence or argument on several fronts, labeling the effort as an
"omnibus" motion.  The Court will address each issue in turn.

1)  Any reference to Plaintiff's gross wage or gross wage
losses because Plaintiff's net wage loss is the appropriate measure
of damages.  Norfolk  W. Ry. Co. v. Liepelt, 444 U.S. 490, 493
(1980).  Under the persuasive reasoning stated in Johnson v. Union
Pacific R.R. Co., 2007 WL 2914886, *5 (D. Neb. Oct. 4, 2007), the
introduction  of  evidence  of  Plaintiff's  gross  wages  will  be
relevant to the calculation of his net wages which clearly is the
limit upon Plaintiff's recovery for lost wages.  The jury can be
properly instructed as to the calculation of recoverable wages in
order to make this limitation clear.  BNSF's motion on this issue

1

is **DENIED.**

2)   Any references to other areas of Plaintiff's body which are not identified in Plaintiff's Complaint as irrelevant, prejudicial, and inadmissible.  Plaintiff seeks clarification that damage claims set forth in the Amended Complaint controls the relevant evidence at trial.  Plaintiff also states that her mental condition was placed into question through the same document. Plaintiff's clarification is well-taken.   The only further qualification this Court would add is that the Pretrial Order will supersede the Amended Complaint and govern the evidence and claims at trial once it is entered.   The motion will be **GRANTED,** as qualified.

3)   Any references or allusions, to the case at bar, as a workers' compensation case which would confuse the issues and lead the jury to incorrectly conclude BNSF is strictly liable for Plaintiff's injuries merely because the incident occurred during the course of employment.  Plaintiff does not appear to oppose the exclusion in principal with the clarification that worker's compensation can be referenced at trial to distinguish such claims from FELA.   The motion on this issue will be **GRANTED** with Plaintiff's clarification.

4)   Any reference to medical causation of any injury or condition in terms of "played any part, however slight" or similar standard should be excluded.  The parties have agreed to the jury

instruction which should be provided in the trial of this case pertaining to "causation."  Agreed Instruction No. 19 includes

> [i]f you should find from the evidence in the case that any negligence of Defendant BNSF Railway Company played some part in causing any injury or damages suffered by Plaintiff Samantha Wilks, you may find such injury or damage was caused by Defendant's act or omission.

Moreover, the Tenth Circuit reiterated the appropriate standard as follows:

> "in comparison to tort litigation at common law, 'a relaxed standard of causation applies under FELA.'" CSX Transp., Inc. v. McBride, 564 U.S. 685, 692, 131 S.Ct. 2630, 180 L.Ed.2d 637 (2011)(quoting Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 542–43, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994)).  Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Id. (alteration in original) (quoting Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957)).
>
> Schulenberg v. BNSF Ry. Co., 911 F.3d 1276, 1286 (10th Cir. 2018)(full citations added by this Court).

Given that this is the most current state of the law in this Circuit, BNSF's motion in regard to this issue will be **DENIED**.

5)  Any reference to any doctor or other medical technicians, or personnel whom the Plaintiff has seen or been examined by at the request of BNSF as the "railroad doctor" or any similar reference unless they are an employee of BNSF.  Plaintiff

is entitled to inform the jury as to which party retained the medical personnel, the purpose for their retention, and which party paid for their services.  The term BNSF seeks to preclude would unduly restrict Plaintiff's ability to inform the jury of these facts.  The motion will, therefore, be **DENIED** on this issue.

6)   Any reference to how BNSF or other railroads conducted certain operations in the past because it is unduly prejudicial and not relevant to any claim or defense.  BNSF contends matters such as the size of crews in the past have no bearing upon the operations today and whether BNSF was negligent resulting in Plaintiff's injury.  Plaintiff asserts the issue is relevant to the consideration of "surrounding circumstances" under the "ordinary care" jury instruction.  At first blush, the "surrounding circumstances" to which this instruction refers would appear to be the current not the past circumstances.  For instance, whether Defendant had sufficient personnel to change the knuckle at the time of the injury not whether it had sufficient personnel in a bygone era.  Since the challenge is to relevancy, however, this Court will reserve ruling until trial to ascertain the precise nature of the evidence Plaintiff intends to introduce on this issue.  Therefore, the motion will be **DENIED**, subject to re-urging at trial.

7)   Any reference to other defects in BNSF's premises or equipment, or unrelated potentially negligent acts of the

railroad.  This Court is uncertain of the precise nature of this request.  As a result, it will be **DENIED** at this time, subject to re-urging at trial.

8)  Any reference to the financial worth of BNSF, its parent company, Berkshire Hathaway, or Plaintiff.  Such references should be excluded from trial as prejudicial, unless made relevant by some unforeseen presentation or argument at trial.  The motion on this issue will be **GRANTED**.

9)  Any damages, whether monetary, physical or mental, sustained by Plaintiff's boyfriend or other immediate family due to Plaintiff's injury.  Despite Plaintiff's stated "need for clarification," it is apparent that BNSF seeks to exclude any allegation of injury to a third party from the trial of this case. Such damages are not recoverable in FELA and will be excluded. The motion will be **GRANTED** on this point.

10)  References to punitive damages.  Plaintiff concedes this issue.  The motion will be **GRANTED**.

11)  Any claim that any damages awarded will be used for charitable purposes and/or used to set up a charitable foundation. Plaintiff concedes this issue.  The motion will be **GRANTED**.

12)  Evidence or argument regarding depositions or the failure of BNSF to bring witnesses live to trial.  As this Court interprets BNSF's argument, it would be inappropriate for either party to argue that the opposing party should have brought a

witness to testify live at trial rather than by deposition or that a deposition has less evidentiary value than the live testimony of a witness.  The motion will be **GRANTED** to this extent.

13)  Any argument, testimony, or other evidence that BNSF violated any statute, regulation, or guideline not specifically identified by Plaintiff during discovery.  Plaintiff requests that this rule be applied equally to both litigants.  The motion will be **GRANTED** as no such references will be made at trial.

14)  All references to the BNSF railroad or the railroad industry as "dangerous."  Plaintiff concedes this issue.  The motion will be **GRANTED.**

15)  Any reference during voir dire, opening statement, or closing argument concerning the size of BNSF's counsel's law firm.  Plaintiff concedes this issue.  The motion will be **GRANTED.**

16)  Any reference to news stories, articles, and publications of any recent accidents involving the BNSF Railroad and/or any investigations of BNSF Railroad by any governmental agencies regarding safety.  Plaintiff concedes this issue.  The motion will be **GRANTED.**

17)  Any reference to any other employee claim or suit involving BNSF or any testimony in any such suits, without the Court first ruling on the relevancy, materiality, and admissibility of such matters.  Plaintiff only opposes the motion insofar as it would preclude her from revealing that a witness has

6

testified for BNSF in another lawsuit to show bias.  BNSF replies that it does not seek to preclude Plaintiff's ability to show the bias or prejudice of a witness.  As such, the motion will be **GRANTED**.

18)  Any reference that there are safer alternative methods or some superior tool or piece of equipment in the railroad industry.  BNSF references the recent case in the Tenth Circuit of <u>Ezell v. BNSF Ry. Co.</u>, 949 F.3d 1274 (10th Cir. 2020) as outlining a plaintiff/employee's required proof.  The Court stated

> ". . . to show railroad negligence, FELA requires plaintiffs to show an unsafe workplace—not a failure to provide the safest possible workplace. *E.g.*, <u>Darrough v. CSX Transp., Inc.</u>, 321 F.3d 674, 676 (7th Cir. 2003) ("CSXT did not have to create the safest possible work environment . . . only a reasonably safe one."); <u>Walker v. Ne. Reg'l Commuter R.R.</u>, 225 F.3d 895, 899 (7th Cir. 2000) ("Safer methods of lifting may be available, but Metra need only use a reasonably safe method for lifting the blade." (citation omitted)); <u>Stillman v. Norfolk & W. Ry. Co.</u>, 811 F.2d 834, 838 (4th Cir. 1987) (explaining that the district court did not even need to admit evidence that the railroad had access to a safer, alternative method when the primary method was itself safe); <u>Soto v. S. Pac. Transp. Co.</u>, 644 F.2d 1147, 1148 (5th Cir. 1981) (per curiam) ("That there were other, arguably more advanced, methods in use by the defendant for cleaning these pits is of no significance where the method in use by Mr. Soto was not an inherently unsafe one.").

> <u>Id</u>. at 1282.

It is, therefore, evident that a prerequisite for introducing evidence of a safer means of performing a particular task is a showing that the work environment in which Plaintiff was placed by

7

BNSF was unsafe. This Court will not completely preclude Plaintiff's ability to show alternative safer methods or equipment available to change out the knuckle at issue in this case but will require the preliminary showing that the workplace was unsafe before allowing such evidence. The motion will be **DENIED** at this time, subject to re-urging at trial.

19) Any reference to objections to discovery made by BNSF. Plaintiff concedes this issue. The motion will be **GRANTED**.

20) Any references to witnesses not disclosed prior to the Court's deadline and to calling any witnesses not disclosed prior to the deadline to do so or in the Pretrial Order. Plaintiff concedes this issue. The motion will be **GRANTED**.

IT IS THEREFORE ORDERED that Defendant's Fifth Motion in Limine (Docket Entry #145) is hereby **GRANTED**, in part, and **DENIED**, in part, as more fully set forth herein.

IT IS SO ORDERED this 30th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE