**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SAMANTHA WILKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-080-KEW |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter comes before the Court on Defendant's Seventh Motion in Limine (Docket Entry #147). Defendant BNSF Railway Company ("BNSF") seeks to preclude Plaintiff from introducing evidence or argument on (1) medical expenses which have been paid by BNSF in accordance with agreements between the railroad and the employee union to which Plaintiff belongs; (2) "pain and suffering, loss of a normal life, disability, and any other intangible damages" which Plaintiff failed to disclose under Fed. R. Civ. P. 26(a); and (3) damages which were allegedly incurred after Plaintiff's "self-termination."

1)   Paid medical expenses. Plaintiff states in response to the motion that she will not seek to recover any medical expenses she has incurred. Since the motion is conceded, it will be **GRANTED**.

2)   Undisclosed damages. BNSF asserts that Plaintiff's

1

initial disclosures filed June 8, 2018 stated that damages attributable to "pain and suffering, loss of a normal life, disability, and any other intangible damages" were "[u]nknown at this time" and that "[t]he amount Plaintiff will seek at trial for these items will depend, among other things, on how Plaintiff's recovery has progressed by the time of trial for her various health issue, and on the prognosis for those issues provided by her various providers."  BNSF further states that Plaintiff has not supplemented the initial disclosures.  BNSF seeks to preclude any claim for these damages because of the failure to disclose the amount of the damages sought.

Plaintiff states that her initial disclosures were accurate for what she knew at that point in time.  She further states that she supplemented her responses to BNSF's interrogatories on August 24, 2018 stating that she anticipated seeking total damages between $1,500,000.00 and $6,000,000.00 and broke down the damages between medical bills, wage loss estimate, lost benefits, and pain and suffering, loss of a normal life, disability, and any other tangible damages.

The main purpose of Rule 26(a)(1) disclosures "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a), Advisory Committee's Note (1993).  Initial disclosures should provide the parties with information essential

2

to the proper litigation of all relevant facts and to eliminate surprise and promote settlement. Hertz v. Luzenac Am., Inc., 2006 WL 994431, at *5 (D.Colo. Apr. 13, 2006). In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." Fed. R. Civ. P. 26(a), Advisory Committee's Note (1993).

Among the disclosures required under Rule 26(a) is "a computation of any category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Clearly, Plaintiff failed to properly reveal the damages that she sought. The Court is mindful that, like emotional distress damages, pain and suffering and other "intangible damages" are difficult to compute, particularly early in the litigation. See Anderson v. United Parcel Serv., Inc., 2010 WL 4822564, at * 10 (D.Kan. Nov. 22, 2010) (citations omitted)("Courts have held that because emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii)."). Moreover, the initial disclosures should have been supplemented when the calculation of damages was

determined.  The Court would also note that BNSF did not seek to compel the disclosure as the Federal Rules of Civil Procedure contemplate.  Hertz, 2006 WL 994431, at *13 ("The Federal Rules of Civil Procedure provide Hertz and Lighthart with remedies if they felt that Luzenac's responses to discovery were deficient or improper. A party may move to compel disclosures or discovery. *See* Fed.R.Civ.P. 37(1)(2)(A) and (B). Rule 37(a)(3) provides that "an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer, or respond." *See* Fed.R.Civ.P. 37(a)(3). However, an aggrieved party must seek judicial intervention in a timely manner.").

The primary purpose of providing the calculation of damages is to prevent "trial by ambush."  BNSF became aware of Plaintiff's calculation or range of non-economic damages sought in the supplemental discovery responses on August 24, 2018.  This provided sufficient time for BNSF to seek relief if the calculation was not adequately specific or if additional discovery was required to ferret out the basis for the calculation.  While this Court does not condone Plaintiff's failure to supplement the initial disclosures, the violation under the particular circumstances of this case do not warrant the draconian result of barring Plaintiff's claim for non-economic damages in this action.  The motion will be **DENIED**.

3) Preclusion of damages after "self-termination."  This

4

issue was previously addressed by this Court in the Opinion and Order denying BNSF's motion for summary judgment entered June 17, 2020 (Docket Entry #166). This Court incorporates the ruling in that Opinion and Order in this Order and the motion is **DENIED**.

IT IS THEREFORE ORDERED that Defendant's Seventh Motion in Limine (Docket Entry #147) is hereby **GRANTED**, in part, and **DENIED**, in part, as more fully set forth herein.

IT IS SO ORDERED this 30th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE