**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SAMANTHA WILKS, )<br>)<br>          Plaintiff,    )<br>)<br>v.                                      )     Case No. CIV-18-080-KEW<br>)<br>BNSF RAILWAY COMPANY,    )<br>a corporation,               )<br>)<br>          Defendant.    ) | |

## O R D E R

This matter comes before the Court on Defendant's Ninth Motion in Limine (Docket Entry #149). Defendant BNSF Railway Company ("BNSF") seeks to preclude Plaintiff from introducing evidence or argument on Plaintiff's mental health conditions. BNSF contends (1) Plaintiff failed to include a calculation of damages for mental health conditions in the initial disclosures; (2) damages arising from mental health conditions are barred as a matter of law because a physical impact is required attributable to BNSF's negligence before recovery for mental health conditions is permitted; (3) Plaintiff cannot prove the mental health conditions are a direct result of the incident forming the subject matter of this action; (4) any mental health conditions arising after the filing of this action are barred; and (5) the claim for mental health conditions would run afoul of the discovery rules.

Arguments (1) and (5) have been addressed in connection with

the Order pertaining to Defendant's Seventh Motion in Limine and will not be repeated herein.  The ruling contained in that Order on those issues is incorporated herein.

The remainder of the arguments put forth by BNSF would require this Court to determine the claims of negligence and resulting physical injury to Plaintiff on the merits.  "[A] motion *in limine* does not test the sufficiency of the evidence, nor may it be a substitute for a summary judgment motion."  Est. of Strong v. Schlenker, 2019 WL 3325951, at *4 (D. Colo. July 24, 2019) citing Dry Clean Super Ctr. v. Kwik Indus., Inc., 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012); Equal Employment Opportunity Comm'n v. Bok Fin. Corp.,2014 WL 11730480, at *1 (D.N.M. Feb. 12, 2014) ("It is well-established that a motion *in limine* should not be used to argue that an item of damages may not be recovered as that is the function of a motion for summary judgment, with its accompanying procedural safeguards.").  The motion will be denied.  BNSF may, of course, make the appropriate dispositive motion after the presentation of evidence at trial.

IT IS THEREFORE ORDERED that Defendant's Ninth Motion in Limine (Docket Entry #149) is hereby **DENIED.**

IT IS SO ORDERED this 30th day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE