```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

SAMANTHA WILKS,                    )
                                   )
              Plaintiff,           )
                                   )
v.                                 )     Case No. CIV-18-080-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
              Defendant.           )
```

## O R D E R

This matter comes before the Court on Defendant's Tenth Motion in Limine (Docket Entry #150). Defendant BNSF Railway Company ("BNSF") seeks to preclude Plaintiff from introducing evidence or argument on Plaintiff's financial condition and difficulties since the date of her alleged injury. In the event such evidence is allowed, BNSF requests that evidence of Plaintiff's receipt of funds and benefits from collateral sources should be admissible into evidence at trial.

This issue poses an evidentiary conundrum at this pre-trial stage of the proceedings. If BNSF puts into evidence that Plaintiff could not have been injured as severely as alleged or to the extent alleged because she did not seek certain medical care at a certain time, Plaintiff should be able to rebut this with evidence of the inability to pay for such treatment at such a time. Yet, BNSF alleges Plaintiff possessed insurance coverage to cover

1

any such treatment and should be permitted to put into evidence the availability of funding from collateral sources. Simply put, too much contingency lies in the presentation of evidence at trial for this Court to provide a pretrial limine ruling on this evidence. To be sure, counsel for both litigants should tread lightly at trial – before any evidence of Plaintiff's ability or inability to pay for medical or mental health treatment, specifically, or Plaintiff's financial condition, generally, is put into evidence, the party sponsoring such evidence shall advise the Court and opposing counsel out of the presence of the jury so that the appropriate course is plotted in the presentation of the evidence and rebuttal evidence. At this stage, however, the motion must be denied.

IT IS THEREFORE ORDERED that Defendant's Tenth Motion in Limine (Docket Entry #150) is hereby **DENIED**, subject to re-urging at the appropriate time at trial.

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE