IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMANTHA WILKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-080-KEW |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter comes before the Court on Defendant's Second Motion in Limine (Docket Entry #142). Defendant BNSF Railway Company ("BNSF") seeks to preclude Dr. James Stauffer, one of Plaintiff's treating physicians, from offering medical causation opinions "which are beyond the scope of his medical expertise." This Court has ruled upon a similar motion represented in Defendant's First Motion in Limine. In that Order, this Court recognized that a treating physician is not required to file an expert report in accordance with Fed. R. Civ. P. 26(a)(2)(C). Additionally, a treating physician may only offer an opinion on causation only '"to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment." Starling v. Union Pac. R. Co., 203 F.R.D. 468, 479 (D. Kan. 2001); see also Richard v. Hinshaw, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013) ("[M]atters within the scope of [treating physician's]

1

treatment may include opinions about causation, diagnosis, and prognosis"); Trejo v. Franklin, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (stating that "treating physician opinions regarding causation and prognosis based on examination and treatment of the patient" are proper under Rule 26(a)(2)(C)).' Wright v. BNSF Ry. Co., 2016 WL 1183135, *2 (N.D. Okla. Mar. 28, 2016).

BNSF also seeks to limit Dr. Stauffer's opinions on issue of the mechanism of injury being a family practitioner rather than an orthopedic specialist. Since Dr. Stauffer referred Plaintiff out to Dr. Rodgers for treatment of her orthopedic problems in her back and to Dr. Martucci for pain management of the condition, it is difficult to conceive of how he could form an opinion on causation for the injuries that she suffered since it was not connected to her treatment by him. As a result, Dr. Stauffer's deposition testimony shall be redacted so that the opinions he provided on causation are removed for presentation to the jury.

IT IS THEREFORE ORDERED that Defendant's Second Motion in Limine (Docket Entry #142) is hereby **GRANTED.**

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE