IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
SAMANTHA WILKS,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )    Case No. CIV-18-080-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
          Defendant.               )
```

**O R D E R**

This matter comes before the Court on Defendant's Daubert Motion Regarding Dr. Rebecca Summary (Docket Entry #152). The parties agreed that no hearing was necessary for the Court to determine the admissibility of Dr. Summary's testimony.

This case is brought under the Federal Employers' Liability Act ("FELA") and the Federal Safety Appliance Act ("FSAA") after Plaintiff allegedly suffered an injury while assisting in the replacement of a broken knuckle on a locomotive operated by Defendant BNSF Railway Company ("BNSF"). Plaintiff retained Dr. Summary, an economist, to testify as to the value of Plaintiff's lost wages and benefits as a result of her injury. BNSF challenges Dr. Summary's methodology in arriving at her conclusions.

BNSF's identified bases for challenging Dr. Summary's methods and conclusions are: (1) the use of four different methodologies in four different FELA cases in which she rendered an opinion on

1

damages; (2) Dr. Summary's retirement age assumption represents a speculative statistical improbability; (3) Dr. Summary's opinion on future lost wages and benefits utilizes two unsupported assumptions to arrive at her conclusions; and (4) Dr. Summary's opinion on Plaintiff's efforts to mitigate her damages are unsupported speculation.

Generally, expert testimony is permitted under the following criteria:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reasonably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The court acts as a gatekeeper on two fronts under Rule 702 – whether the proposed expert witness is qualified to render the opinions he sets out and, if he is so qualified, whether the opinion is sufficiently supported by making "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993); see also Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1233 (10th Cir. 2005). This analysis applies to all expert testimony. Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999).

BNSF does not challenge Dr. Summary's qualifications as an economist. Rather, BNSF opposes the methodology employed by Dr. Summary and, in particular, the assumptions she made in arriving at her damage calculation.

BNSF first objects to the fact that Dr. Summary utilized four different methodologies in arriving at the highest possible damage calculation of lost wages. A careful reading of BNSF's brief reveals that it does not challenge any of the four methodologies on the basis that they have no foundation in the science of economics. Rather, the challenge lies in the fact that four different methodologies are used in four different FELA cases. This Court takes the admonition espoused in Daubert seriously when the United States Supreme Court stated:

> Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. . . . Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment, Fed. Rule Civ. Proc. 50(a), and likewise to grant summary judgment, Fed. Rule Civ. Proc. 56. . . . These conventional devices, rather than wholesale exclusion under an uncompromising general acceptance test, are the appropriate safeguards where

3

> the basis of scientific testimony meets the standards of Rule 702.

Daubert, 509 U.S., at 596.

This Court is confident that BNSF's counsel will subject Dr. Summary's opinions to considerable scrutiny under the rigors of cross-examination such that the jury can consider the differing methodologies employed in the same type of cases.  Dr. Summary may or may not have a reasonable explanation for doing so – but the jury is the appropriate evaluator of this testimony, not this Court in its gatekeeper function.

BNSF also contends Dr. Summary's assumptions concerning Plaintiff's retirement age and basis for ascertaining the amount of her lost wages are unduly speculative given the applicable statistics.  Dr. Summary assumes a retirement age of 67 for Plaintiff which BNSF states represents only 4% of employees.  She also utilizes Plaintiff's last year of earnings to project lost earnings for twenty years as well as assuming a generous benefits package – both of which BNSF states are unreasonable assumptions.

Again, BNSF is charged with the responsibility of making certain the jury understands that Dr. Summary's opinion may or may not result in an inflated wage claim on cross-examination and through the use of its own expert, if it so chooses.  This Court will not transform the gatekeeper function into an arbitrary filter through which the opinion is sifted such that only the bases urged

4

by BNSF is presented to the jury.

BNSF also contends that certain facts were provided to Dr. Summary by Plaintiff's counsel and were not independently verified before she rendered her opinions. If Dr. Summary utilized facts which turn out to be untrue and failed to verify those facts before reaching her opinion, the reliability of those opinions will likely suffer before the jury on cross-examination. Exclusion will not be the appropriate avenue for challenge of Dr. Summary's opinion.

IT IS THEREFORE ORDERED that Defendant's *Daubert* Motion Regarding Dr. Rebecca Summary (Docket Entry #152) is hereby **DENIED**.

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE