IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
SAMANTHA WILKS,                    )
                                   )
           Plaintiff,              )
                                   )
v.                                 )    Case No. CIV-18-080-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
           Defendant.              )
```

**O R D E R**

This matter comes before the Court on Plaintiff's Omnibus Motion in Limine (Docket Entry #158). Plaintiff seeks to preclude Defendant BNSF Railway Company ("BNSF") from introducing evidence or argument with regard to several enumerated issues. The Court will address each issue in turn.

1) Any reference to worker's compensation, or to any collateral source payments, adjustments, or other assistance. This Court addressed this issue in Orders ruling on BNSF's Fifth, Sixth and Tenth Motions in Limine. References to worker's compensation shall be excluded from trial – except to the extent it is mentioned to distinguish FELA cases from worker's compensation cases. Collateral source payments are generally not admissible but the motion will be denied because under the very narrow circumstances outlined in the Orders on BNSF's Sixth and Tenth Motions in Limine, the evidence may be admissible. The

1

motion will be **GRANTED** as to worker's compensation but the remainder of the motion will be **DENIED**.

2) Any reference to the Federal Railroad Administration as having enforcement jurisdiction over the workplace in question, that the agency approved of BNSF's workplace, or that Plaintiff's claim is preempted. It is unclear the precise purpose of this limitation. This Court, however, can perceive of relevant references to the FRA, including the inspection of the cracked knuckle by that entity and whether it should have been detected. Not knowing the potential ramifications of this exclusion, this motion will be **DENIED** at this time to be re-urged, if necessary.

3) Any suggestion that Plaintiff was contributorily negligent in using the equipment provided by BNSF or by failing to use her own equipment. Since BNSF has the non-delegable duty to provide a safe workplace to Plaintiff, it would be inconsistent to permit a suggestion of contributory negligence on Plaintiff's part to the jury. This motion will be **GRANTED**.

4) Any reference to tort reform. BNSF concedes this issue. The motion will be **GRANTED**.

5) Any reference to offers of settlement. BNSF concedes this issue. The motion will be **GRANTED**.

6) Any out-of-court statements by counsel for Plaintiff. BNSF objects to this exclusion because it does not know to what statements Plaintiff may be referring. Under some circumstances,

statements of counsel can be used without running afoul of the hearsay rule. Fed. R. Evid. 801(d)(2). Accordingly, without more information as to the precise nature of the statements Plaintiff is contemplating, the motion will be **DENIED**. Counsel is admonished to reveal any such statements out of the presence of the jury before publishing them.

7) Any statements suggesting that money won't undo the injury or damage. BNSF concedes this issue. The motion will be **GRANTED**.

8) Any statements to suggest that Plaintiff or Plaintiff's counsel is motivated in this action by greed. BNSF concedes this issue. The motion will be **GRANTED**.

9) Any reference or suggestion that Plaintiff assumed the risk. BNSF generally concedes the issue. The motion will be **GRANTED**.

10) Any suggestion that a hypothetical employer would have or would be required to provide accommodations to Plaintiff pursuant to the ADA or any other statute or regulation. BNSF concedes the issue. The motion will be **GRANTED**.

11) Any suggestion that pain and suffering and other non-pecuniary elements of damage can be reduced to present value. BNSF concedes this issue. The motion will be **GRANTED**.

12) Any attempt to suggest Plaintiff's damages should be reduced because they were caused by medical treatment for her

3

injuries.  BNSF concedes this issue.  The motion will be **GRANTED**.

13)  Any reference to past bad acts/prior discipline/prior employment incidents.  BNSF generally concedes the issue, although it states that Plaintiff should have to identify any such evidence that she seeks to exclude.  Additionally, BNSF concedes the issue subject to the rulings on its own motions in limine.  The motion will be **GRANTED**.

14)  Any reference to drinking, prior or other medical conditions, other incidents, and family medical history.  BNSF states that the exclusion could include evidence related to Plaintiff's mental health.  This Court does not perceive that Plaintiff seeks to exclude any evidence related to the damage claim she is making in this action.  The motion will be **GRANTED** as to all of the referenced matters which are not encompassed by the claim for damages in this case.

15)  Any deposition testimony from corporate representatives, other than testimony Plaintiff elects to use.  Until this Court has been apprised of whether the deposition testimony of BNSF's corporate representative qualifies for admission under Fed. R. Civ. P. 32(a) and Fed. R. Evid. 804, the motion will be **DENIED**.

16)  Any reference to previous settlements.  BNSF states that the evidence pertaining to the van accident in which Plaintiff was involved and settlement of that claim against BNSF is admissible and relevant.  The resolution of the claim associated with the van

4

accident may be presented without reference to the details of the settlement.  The motion will be **GRANTED**.

17)   Any references to Plaintiff's past marriages.  BNSF concedes this issue.  The motion will be **GRANTED**.

18)   Any claim that Plaintiff's "nomadic existence" in recent years has a negative impact on her daughter.  BNSF generally concedes this issue, although it asserts the evidence of such a "nomadic existence" may be relevant should Plaintiff assert she was forced to live that way because of BNSF's treatment of her.  The specific issue presented in the motion will be excluded.  Should her living conditions be relevant for another purpose, the Court will take the matter up at trial.  As it is filed, the motion is **GRANTED**.

19)   Any reference to a lack of similar incidents.  The Court will deny the motion at this time.  A possibility exists that the issue of whether BNSF was put on notice of problems in the removal of the cotter pin and, therefore, had duty to address the issue to provide a safe workplace will become relevant.  The jury can be instructed as to BNSF's duty to Plaintiff such that unintentional prejudice does not result from the jury discovering only one other such incident has occurred on record.  The motion will be **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Omnibus Motion in Limine (Docket Entry #158) is hereby **GRANTED**, in part, and **DENIED**, in part, as more fully set forth herein.

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE