IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
SAMANTHA WILKS,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )    Case No. CIV-18-080-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
            Defendant.             )
```

**O R D E R**

This matter comes before the Court on Plaintiff's Motion in Limine to Bar Evidence, Argument, or Reference to Secondary Gain/Malingering/Litigation Syndrome, or Other Comments by One Witness on the Credibility or Motive of Another Witness (Docket Entry #162). Plaintiff seeks to preclude Defendant BNSF Railway Company ("BNSF") from introducing evidence or argument regarding her motivations for bringing this action or explanations for inconsistencies in her physical condition which BNSF has attributed to secondary gain, malingering, or litigation syndrome. Plaintiff contends the parties from whom BNSF has solicited a finding of secondary gain or malingering are not qualified to render an opinion on the issue.

This motivation issue is generally considered to be irrelevant for presentation to the jury and, therefore, inadmissible. See e.g. Caldwell v. Wal-Mart Stores, Inc., 2000 WL

1

1335564, *5 (10th Cir. 2000); Riley v. Union Pac. R. Co., 2010 WL 1946286, *3 (E.D. Okla. May 13, 2010).  The sole exception would be if BNSF establishes that the professional testifying to the condition has the necessary expertise to identify whether a party is malingering.  This would presumably require expertise beyond that possessed by a physician treating Plaintiff's physical ailments.  Absent such a showing, the evidence should be excluded.  This, of course, does not preclude BNSF arguing that Plaintiff's manifestations of her physical conditions are inconsistent.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine to Bar Evidence, Argument, or Reference to Secondary Gain/Malingering/Litigation Syndrome, or Other Comments by One Witness on the Credibility or Motive of Another Witness (Docket Entry #162) is hereby **GRANTED**, unless BNSF can show that a particular expert or treating physician/psychiatric professional has the necessary expertise to testify as to Defendant's secondary gain/malingering propensities.

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE