IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
SAMANTHA WILKS,                    )
                                   )
         Plaintiff,                )
                                   )
v.                                 )   Case No. CIV-18-080-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
         Defendant.                )
```

**O R D E R**

This matter comes before the Court on Plaintiff's Motion in Limine Regarding Brian Weaver and Any Other Witnesses Without a Medical License Offering Medical Opinions (Docket Entry #159). Plaintiff seeks to preclude Defendant BNSF Railway Company ("BNSF") from introducing evidence from Brian Weaver, a biomechanical engineer. Mr. Weaver offers an opinion on whether the forces which Plaintiff described in connection with the incident giving rise to her injury is consistent with her physical injuries supported by the medical record. To be sure, Plaintiff does not challenge Mr. Weaver's methodology or his qualifications as a biomechanical engineer; thus, this challenge does not entail an analysis under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993). Rather, Plaintiff challenges (1) any medical opinion offered by Mr. Weaver since he is not a medical doctor; and (2) whether Mr. Weaver's testimony will assist the

1

jury on a question it is to consider under Fed. R. Evid. 702.

Mr. Weaver offers this summary of his conclusions:

1. The biomechanical mechanism associated with the traumatic causation of intervertebral disc herniations involves compression combined with hyper-flexion.

2. Torsion (i.e. twisting) has not been shown to be a competent cause of an intervertebral disc herniation.

3. The subject incident did not generate the biomechanical environment (compression combined with hyper flexion) that is known and generally accepted to result in traumatic intervertebral disc herniations.

4. Spinal compression is required to contribute to nuclear propagation through the annulus, i.e. structural progression of a disc herniation.

5. The compressive force experienced by Ms. Wilks' spine during the subject incident was minimal and less than simple, routine physical activity.

6. Ms. Wilks would have experienced more motion and compressive force in her lumbar spine during the motor vehicle accident on August 15, 2015 than she did during the subject incident.

   *See* Plaintiff's Motion in Limine (Docket Entry #159), Exh. No. 1, p. 5.

Biomechanical engineers are restricted from testifying concerning medical diagnoses or the cause of a person's injuries, particularly when the injuries allegedly sustained involve aggravation of a pre-existing condition. *See e.g.* Smelser v. Norfold So. Ry. Co., 105 F.3d 299, 305 (6th Cir. 1997); Smith v. BNSF Ry. Co., 2011 WL 7053631, *5 (W.D. Okla. Sept. 14, 2011). A

biomechanical engineer can testify that the force sustained by a plaintiff could potentially cause certain injuries.  Id.

It is indeed a fine line that the expert can cross between medical diagnosis and force analysis causing a condition.  Mr. Weaver appears to maintain his examination in the realm of force analysis according to his report conclusions rather than medical diagnosis.  He does not appear to recognize that Plaintiff could have suffered aggravation of an existing condition but that would have also required that he delve into medical causation.  This Court cannot conclude that the opinions provided are prohibited medical diagnoses or that they would not assist the trier of fact in assessing whether Plaintiff could have sustained injury when subjected to the forces in replacing the knuckle.  Any deficiencies in his analysis can be addressed adequately on cross-examination.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine Regarding Brian Weaver and Any Other Witnesses Without a Medical License Offering Medical Opinions (Docket Entry #159) is hereby **GRANTED,** in that no witness who does not possess a medical license may offer a medical opinion.  However, Mr. Weaver does not offer a medical opinion and may testify at trial.

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE