IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMANTHA WILKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-080-KEW |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion in Limine to Bar Any Testimony from Monty Drake, and Any Reference to Any Surveillance Footage Prepared by Monty Drake or Any Agent of Monty Drake (Docket Entry #160). Plaintiff first contends that counsel for Defendant BNSF Railway Company ("BNSF") improperly stopped Monty Drake, an investigator employed by BNSF to surveil Plaintiff, from answering certain questions surrounding his surveillance efforts. Plaintiff states that the violation of Fed. R. Civ. P. 30(c)(2) cannot be cured by allowing further questioning of Mr. Drake since opposing counsel now knows what questions will be asked and can prepare the witness.

For its part, BNSF asserts that many of the questions posed by Plaintiff's counsel would have revealed attorney work product information. This would have included instructions for surveillance received from counsel, invoices for services, and any

1

reports arising from the surveillance – all matters into which Plaintiff's counsel inquired at Mr. Drake's deposition.

BNSF states that it has produced all of the edited and raw footage video shot by Mr. Drake to Plaintiff's counsel. The video itself is presumably not subject to work product protections. Riley v. Union Pac. R.R. Co., 2010 WL 11700897, *1 (E.D. Okla. April 23, 2010).

This is essentially a discovery dispute which has been shoehorned into a motion in limine. Plaintiff should have pursued her remedies for disclosure of the information surrounding the surveillance in discovery in order to ascertan whether the work product assertion by BNSF was valid and protected Mr. Drake from the questioning Plaintiff sought. This Court will not now impose the extreme measure of excluding both the surveillance video and any testimony from Mr. Drake to sponsor the video in an assumption that the assertion of work product protection was invalid or improperly raised in Mr. Drake's deposition.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine to Bar Any Testimony from Monty Drake, and Any Reference to Any Surveillance Footage Prepared by Monty Drake or Any Agent of Monty Drake (Docket Entry #160) is hereby **DENIED.**

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE