**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SAMANTHA WILKS,                )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. CIV-18-080-KEW
                               )
BNSF RAILWAY COMPANY,          )
a corporation,                 )
                               )
        Defendant.             )

**O R D E R**

This matter comes before the Court on Defendant's Motion to Submit Jury Questionnaire (Docket Entry #227).  Defendant BNSF Railway Company ("BNSF") proposes that a jury questionnaire be provided to jurors.  To that end, BNSF attaches a proposed questionnaire to the motion, stating that BNSF and Plaintiff have agreed to all but two of the questions on the proposed questionnaire.

"Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." Mu'Min v. Virginia, 500 U.S. 415, 431 (1991).  "Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the voir dire." Rosales-Lopez v. United States, 451 U.S.

182, 189 (1981). The Tenth Circuit has emphasized "[t]he scope of voir dire examination is a matter within the sound discretion of the trial judge and will not be disturbed on appeal absent a clear showing of abuse of discretion." <u>United States v. Espinosa</u>, 771 F.2d 1382, 1405 (10th Cir. 1995).

This Court does not routinely use jury questionnaires aside for that which is provided in every jury case – primarily to determine jury qualification. The appropriate case could warrant the distribution of a jury questionnaire when the issues presented are unique or entail a particularly unusual or inflammatory matter. This is not such a case. The issues for trial are relatively straightforward and do not require the kind of unusual inquiry which a jury questionnaire provides. The vast majority of the questions proposed by the parties are the routine matters addressed during verbal voir dire in the courtroom. That typical practice is sufficient to address the matters pertinent to seating a jury.

IT IS THEREFORE ORDERED that Defendant's Motion to Submit Jury Questionnaire (Docket Entry #227) is hereby **DENIED.**

IT IS SO ORDERED this 31st day of March, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE